**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levern Hughey,<br><br>  Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security,<br><br>  Defendant. | No. CV-16-01566-PHX-DLR<br><br>**ORDER** |

Plaintiff Lavern Hughey applied for disability insurance benefits in November 2011, claiming to be disabled since October 1, 2010. (AR 162-63.) The application was denied. (AR 70-110.) A hearing before an Administrative Law Judge (ALJ) was held on August 12, 2014, at which Plaintiff and a vocational expert (VE) testified. (AR at 41-61.)

The ALJ issued a written decision on November 24, 2014, finding Plaintiff not disabled within the meaning of the Social Security Act. (AR 15-35.) This decision became Defendant's final decision when the Appeals Council denied review. (AR 1-13.)

Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). (Doc. 1.) After receipt of the administrative record, (Doc. 8), Plaintiff filed an opening brief and Defendant filed a response, (Docs. 9, 10). For reasons stated below, Defendant's decision is reversed and the case remanded for further proceedings.

**STANDARD OF REVIEW**

The district court reviews only those issues raised by the party challenging the Commissioner's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the decision only where it is based on legal error or not supported by substantial evidence. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla but less than a preponderance, and such relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the entire record and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Where, however, "the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

**DISCUSSION**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he is not currently working, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity (RFC) precludes him from performing past work. If the claimant meets his burden, the Commissioner must show at step five that the claimant is able to perform other work. 20 C.F.R. § 404.1520(a)(4)(i)-(v).

Plaintiff has met his burden at steps one and two: he has not worked since the alleged date of disability and has severe depression, anxiety, learning disorder, and post-status lumbar fusion surgery. (AR 19-20.) The ALJ found at step three that Plaintiff has no impairment that meets or equals a listed impairment. (AR at 20-24.) The ALJ then determined that Plaintiff has the RFC to perform a limited range of light work and is able to understand, remember, and carry out simple instructions and non-detailed tasks. (AR at 24-31.) Based on this RFC and the testimony of the VE, the ALJ determined at step four that Plaintiff is not disabled because he can perform his past job as a gate guard.

1 (AR 31-32.) It is this step four determination that Plaintiff challenges. (Doc. 9 at 1.)

2 Plaintiff contends that the RFC finding conflicts with the description of the gate guard position in the Dictionary of Occupational Titles (DOT). The conflict, according to Plaintiff, is that the DOT description lists a General Educational Development (GED) reasoning level of three, which requires more reasoning ability than his RFC allows – that is, the ability to carry out only simple instructions and non-detailed tasks. (*Id.* at 7-8.) Plaintiff argues that the ALJ erred in relying on the testimony of the VE regarding the gate guard position without inquiring about the conflict with the DOT as required by Social Security Ruling 00-4p. (*Id.* at 1, 9-10.) Defendant counters that this argument is flawed because vocational factors such as education are not relevant at step four, and the ALJ therefore did not err in accepting the VE's testimony without further explanation and his decision otherwise is supported by substantial evidence. (Doc. 10 at 2-5.)

The Court agrees with Plaintiff that the ALJ erred in relying on the VE's testimony without inquiring about, and seeking explanation of, the conflict between the testimony and the DOT.

**I. The VE's Testimony and Plaintiff's RFC Conflict with the DOT.**

There is no dispute that the VE's testimony and Plaintiff's RFC, as found by the ALJ, conflict with the DOT. The ALJ posed a hypothetical to the VE involving a claimant who, like Plaintiff, is "able to understand, remember, and carry out at least simple instructions and non-detailed tasks." (AR 57.) When asked whether a person with those restrictions could return to any past work, the VE responded: "The gate guard position would be *simple and non-detailed*, so I would say that would fit the hypothetical." (*Id.* (emphasis added).)

The gate guard position is described in the DOT as follows:

**372.667-030 GATE GUARD (any industry) alternate titles: gatekeeper; guard; watch guard, gate**

Guards entrance gate of industrial plant and grounds, warehouse, or other property to control traffic to and from buildings and grounds: Opens gate to allow entrance or exit of employees, truckers, and authorized

visitors. Checks credentials or approved roster before admitting anyone. Issues passes at own discretion or on instructions from superiors. Directs visitors and truckers to various parts of grounds or buildings. Inspects outgoing traffic to prevent unauthorized removal of company property or products. May record number of trucks or other carriers entering and leaving. May perform maintenance duties, such as mowing lawns and sweeping gate areas. May require permits from employees for tools or materials taken from premises. May supervise use of time clocks for recording arrival and departure of employees [TIMEKEEPER (clerical) 215.362-022]. May answer telephone and transfer calls when switchboard is closed. When stationed at entrance to restricted area, such as explosives shed or research laboratory, may be designated Controlled-Area Checker (any industry).
***GOE: 04.02.02 STRENGTH: L GED: R3 M2 L2 SVP: 3 DLU: 80***[1]

The codes at the end of the DOT description include the GED levels required of a worker for satisfactory job performance. The GED scale is composed of three divisions – reasoning, mathematical, and language development – and six levels for each division, with one being the lowest level of development needed for the job and six being the highest.[2] At issue in this case is the GED reasoning development required for the gate guard position, which is listed in the DOT as level three (GED: R3). *See* DOT No. 372.667-030; AR 32.

Level three reasoning requires a worker to "apply common sense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and to "[d]eal with problems involving several concrete variables in or from standardized situations." DOT App. C, § III. "On its face, the description of this reasoning development level seems inconsistent with an individual limited to simple, [non-detailed] tasks." *Adams v. Astrue*, No. C 10-2008 DMR, 2011 WL 1833015, at *4 (N.D. Cal. May 13, 2011). This becomes even clearer when level three is compared to other levels of reasoning

---

[1] *See Dictionary of Occupational Titles*, Occupational Code Number 372.667-030 (4th ed. 1991); http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOT03B.HTM, (last visited Jan. 24, 2017).

[2] *See* http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM, DOT App. C, Components of the Definition Trailer, § III (last visited Jan. 24, 2017).

development.

A worker with level one reasoning development is able to follow "*simple* one- or two-step instructions," and a worker with level two reasoning can carry out "*detailed* but uninvolved written or oral instructions." DOT App. C, § III (emphasis added). It follows that a worker with higher level three reasoning is able to follow more than simple instructions and carry out at least detailed, if not complex, tasks. This is consistent with a level three ability to "[d]eal with problems involving several concrete variables[.]" *Id.*

Thus, Plaintiff's limited RFC to carry out only simple instructions and non-detailed tasks, (AR 24), conflicts with the GED level three reasoning development for the gate guard position, (AR 32). Indeed, "although the Ninth Circuit has yet to directly address the question, the majority of courts in this circuit have held that there is an apparent conflict when the ALJ determines that a person limited to simple, repetitive tasks can perform a job with a reasoning development level of 3." *Adams*, 2011 WL 1833015, at *4 & n.4 (citing cases); *see Burns v. Astrue*, No. EDCV 09-1686-JEM, 2010 WL 4795562, at *6 (C.D. Cal. Nov. 18, 2010) (same); *Phillips v. Colvin*, 61 F. Supp. 3d 925, 934 (N.D. Cal. 2014) (citing *Adams*); *Dyer v. Colvin*, 9 F. Supp. 3d 1116, 1125 (D. Ariz. 2014) (finding that the ALJ's decision was not supported by substantial evidence where the ALJ relied on erroneous testimony of the VE that carrying out detailed instructions is the same as following simple instructions).

In short, both the VE's testimony and Plaintiff's RFC conflict with the DOT. Plaintiff argues, correctly, that the ALJ committed reversible error by relying on the VE's testimony without inquiring about, and seeking resolution of, the conflict.

**II. The ALJ Erred Under SSR 00-4p by Failing to Inquire About the Conflict.**

Relying on the VE's testimony, the ALJ erroneously concluded that Plaintiff's RFC allows him to perform work that requires a GED reasoning level three (AR 32):

> The mental acuity required by the DOT is a reasoning level 3. Reasoning level 3 states a person should be able to apply commonsense understanding to carry out instructions furnished in written, oral or diagrammatic form. The [RFC] complies with this standard as it limits the claimant to

>understanding, remembering and carrying out at least simple instruction and non-detailed tasks.

Social Security Ruling (SSR) 00-4p provides guidance for the use of VEs at hearings, and emphasizes that an ALJ must, before relying on VE testimony, "[i]dentify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [the VE] and information in the [DOT]." SSR 00-4p, 2000 WL 1898704, at *1 (Dec. 4, 2000). Stated differently, if the VE's "opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez v. Colvin*, 844 F.3d 804, 807 (9th Cir. 2016).

As explained above, the VE testified that a person with Plaintiff's RFC would be able to work as a gate guard because the job is "simple and non-detailed[.]" (AR 57.) This testimony squarely conflicts with the DOT description of the position, which requires level three reasoning development for satisfactory performance. The ALJ, however, failed to ask the VE whether there was a conflict with the DOT, or to reconcile any conflict that existed, before relying on the VE's testimony in finding that Plaintiff is not precluded from performing the gate guard position given his RFC. (AR 32.) This constitutes reversible legal error.

SSR 00-4p unambiguously provides that when a VE "provides evidence about the requirements of a job, the adjudicator has an *affirmative responsibility* to ask about any possible conflict between that [VE] evidence and information provided in the DOT." SSR 00-4p, at *4 (emphasis added). The Social Security Administration primarily relies on the DOT, which is published by the Department of Labor, for "information about the requirements of work in the national economy." SSR 00-4p, at *2. The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a VE's testimony, particularly in cases where the testimony conflicts with the DOT. Following the lead of several other circuits, the Ninth Circuit made clear that an ALJ may

not, under SSR 00-4p, "rely on VE testimony regarding the requirements of a particular job without first inquiring whether that expert's testimony conflicts with the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007).

The ALJ in this case, like the one in *Massachi*, failed to comply with the procedural requirements of SSR 00-4p. Under these circumstances, it cannot be "determine[d] whether the ALJ properly relied on [the VE's] testimony." *Id.* at 1154. The case therefore will be remanded so the ALJ can perform the appropriate inquiry and conflict resolution required by SSR 00-4p. *See id.*; *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1235 (9th Cir. 2011) (remanding the case where the ALJ failed to ask the VE whether there was a conflict between her testimony and the DOT and noting that "[n]othing in the rules relieves the ALJ of the responsibility of ensuring that there was no conflict"); *Torrez v. Astrue*, No. 1:09-cv-00626-JLT, 2010 WL 2555847, at *9-10 (E.D. Cal. June 21, 2010) (remanding case for the ALJ to comply with SSR 00-4p where the DOT job description required level three reasoning which was greater than the claimant's RFC); *Adams*, 2011 WL 1833015, at *7 (same); *Burns*, 2010 WL 4795562, at *6 (same).[3]

**III. Defendant's Arguments Are Misplaced.**

Plaintiff's GED argument bears no relation to the ALJ's step four determination, Defendant contends, because the GED portion of the DOT pertains to the vocational factor of education, not RFC. (Doc. 10 at 3.) But Plaintiff is not challenging the ALJ's RFC determination. Rather, Plaintiff argues that the ALJ erred at step four in determining that his RFC enables him to work as a gate guard. (Doc. 9 at 7-10.)

Defendant further contends that Plaintiff's argument is flawed because the case "was decided at step four where vocational factors do not come into play." (*Id.*) This contention is without merit. Step four involves a determination whether, given the

---

[3] Remand is warranted given that if, after appropriate inquiry, it is determined that Plaintiff is not able to perform the gate guard position, the ALJ will need to determine at step five of the evaluation process whether Plaintiff can make an adjustment to other available work. *See* 20 C.F.R. § 404.1520(a)(4)(v). It is worth noting that Plaintiff has not shown that the record is fully developed or that an award of benefits clearly is warranted. (Doc. 9 at 11.)

- 7 -

claimant's RFC, he is able to perform past work. 20 C.F.R. § 404.1520(a)(4)(iv). Reference to the DOT, including its GED vocational component, is entirely appropriate in determining whether a claimant can perform a particular job.

The regulations make this abundantly clear. Section 404.1560, titled "When we will consider your vocational background," provides, in relevant part:

> **Determining whether you can do your past relevant work.** . . . We may use the services of vocational experts or vocational specialists, or other resources, *such as the "Dictionary of Occupational Titles" and its companion volumes and supplements*, published by the Department of Labor, to obtain evidence we need to help us determine whether you can do your past relevant work, given your residual functional capacity.

20 C.F.R. § 404.1506(b)(2) (emphasis added). SSR 00-4p also makes clear that the DOT is the primary source of information for the requirements of work and that the publication is used "at steps 4 and 5 of the sequential evaluation process." SSR 00-4p, at *2.

Defendant asserts that the cases cited by Plaintiff involve a step five determination (Doc. 10 at 3), but Defendant cites no legal authority holding that reliance on the DOT is inappropriate at step four and any such notion is belied by the express language of SSR 00-4p. Moreover, several courts in this Circuit have reversed the ALJ's step four determination that the claimant can perform past work where the VE's testimony conflicted with the DOT and the ALJ failed to inquire about the conflict. *See Burns*, 2010 WL 4795562, at *2 (noting that "the ALJ concluded at step four of the sequential process that Plaintiff can perform her prior relevant work as a janitor"); *Torrez*, 2010 WL 2555847, at *5 ("The ALJ determined that based on his RFC finding and the testimony of the VE that Plaintiff retained the ability to perform her past relevant work as a mail clerk (Step 4)."); *McGensy v. Astrue*, No. EDCV 09-152 AGR, 2010 WL 1875810, at *2 (C.D. Cal. May 11, 2010) ("The ALJ found that McGensy 'is capable of performing past relevant work as a mail clerk.'"); *Pak v. Astrue*, No. EDCV 08-714-OP, 2009 WL 2151361, at *6 (C.D. Cal. July 14, 2009) ("The Court finds that the ALJ committed error by determining Plaintiff could perform his past relevant work.").

The ALJ's decision is supported by substantial evidence, Defendant contends,

1 because he found that Plaintiff can perform his former gate guard position as he actually 2 performed it, and reference to the DOT is not required for such a finding. (Doc. 10 3 at 3-4.) But as explained above, reference to the DOT at step four is not inappropriate, 4 *see* § 404.1560(b)(2), and in this case the ALJ expressly relied on the DOT in concluding 5 that Plaintiff can perform his past work as actually performed. (AR 32.)

6 Moreover, the ALJ's conclusion in this regard is not supported by substantial 7 evidence. "Past work experience 'must be considered carefully to assure that the 8 available facts support a conclusion regarding the claimant's ability or inability' to 9 perform the functional activities of past work. The ALJ's decision 'must be developed 10 and explained fully in the disability decision.'" *Burns*, 2010 WL 4795562, at *4 (quoting 11 SSR 82-62).

12 The decision in this case fails to meet the required standard. The ALJ asserts, in 13 conclusory fashion, that Plaintiff "can perform his past work as a gate guard as actually 14 performed based on his testimony and the DOT" (AR 32), but the ALJ does not explain 15 why this is so. Plaintiff testified that he would scan employees' badges and patrol 16 designated areas. (AR 44.) Although the ALJ notes this testimony in his decision 17 (AR 32), he fails to explain how it supports the conclusion that Plaintiff presently can 18 perform a gate guard position given his RFC. Moreover, the ALJ reached this conclusion 19 based in part on a DOT job description which, as explained above, is not consistent with 20 Plaintiff's RFC.

21 In short, the ALJ erred in concluding that Plaintiff can perform his past work as 22 actually performed and the conclusion otherwise is not supported by substantial evidence. 23 *See Burns*, 2010 WL 4795562, at *8 (reversing decision where the ALJ "did not carefully 24 consider past work experience" and the decision "was not developed and explained 25 fully"); *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) (noting that the ALJ is 26 never "relieved of his burden to make the appropriate findings to insure the claimant 27 really can perform his or her past relevant work").

28

**CONCLUSION**

The ALJ erred by relying on the VE's testimony in finding that Plaintiff can perform the gate guard position without inquiring about, and seeking an explanation of, the conflict between the testimony and the DOT.

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **REVERSED** and the case **REMANDED** for proceedings consistent with this order. The Clerk shall enter judgment accordingly and shall terminate this case. Dated this 30th day of January, 2017.

Douglas L. Rayes
United States District Judge